UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SC AUSTIN HOLDINGS LLC,

                Plaintiff,

-against-

MT. HAWLEY INSURANCE COMPANY, ILLINOIS and RENAISSANCE RE SYNDICATE 1458 LLOYDS,

                Defendants.

23-cv-7748 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Days before Hurricane Ian hit Florida, Mt. Hawley Insurance Company issued a policy to SC Austin Holdings covering the Tropical Winds hotel in Daytona Beach. The hurricane struck Daytona Beach with 90-mph winds and over a foot of rain, flooding the hotel with water and damaging almost every one of its rooms. The hotel was closed for months. SC Austin notified Mt. Hawley about the damage and sought coverage under the policy for its losses. But Mt. Hawley denied the request, leading to this lawsuit. On this motion, Mt. Hawley seeks summary judgment on SC Austin's coverage claims as to 1) damage on the hotel's second through seventh floors based on an "anti-concurrent cause" exclusion in the policy, and 2) business-income losses caused by the hotel's closure. Mt. Hawley's motion is DENIED.

Right out of the gate, Mt. Hawley's motion ignores the burden of proof. As SC Austin points out, because the policy at issue is an "all-risk" policy, it isn't SC Austin's burden to prove a non-excluded cause of the damage. Instead, it is Mt. Hawley's burden to prove that the damage is excluded. *See* Dkt. 36 at 5–6; *M.H. Lipiner & Son, Inc. v. Hanover Ins. Co.*, 869 F.2d 685, 687 (2d Cir. 1989) (explaining that under an all-risk policy, "[o]nce the insured shows that a loss has occurred, the insurer shoulders the burden of demonstrating that the loss claimed is excluded expressly from coverage under the policy terms"). Mt. Hawley fails to meet this burden. While it says that one of SC Austin's six possible explanations for water damage—the so-called "displaced PTAC" theory—is excluded under the policy, *see* Dkt. 30 at 19–22, Mt. Hawley fails to point to evidence showing that this theory definitively accounted for some or all of the damage to floors two through seven. It also isn't enough for Mt. Hawley to observe that SC Austin's expert enumerated six potential causes of damage without opining that any of the six in fact caused the damage. Again, SC Austin doesn't have the burden of explaining what caused the damage, so its claim doesn't fail just because its expert doesn't give a clear account of what happened.

The case presents a classic fact battle over what caused extensive water damage at the Tropical Winds hotel. Mt. Hawley can't win that fight at this stage given that it bears the burden of showing

an exclusion applies as a matter of law; the conflicting evidence in the record, including SC Austin's expert testimony that non-excluded causes may have caused the damage; and the Court's obligation to view the evidence in the light most favorable to SC Austin as the non-moving party.

SC Austin also points to alleged ambiguities in the policy. On its account, at least two other provisions of the policy reflect the parties' intent to provide coverage under these circumstances, even if the exclusion Mt. Hawley points to would technically apply. SC Austin argues that these warring provisions doom Mt. Hawley's position because any ambiguity in the policy must be construed in favor of SC Austin. *See Sea Ins. Co. v. Westchester Fire Ins. Co.*, 51 F.3d 22, 26 n.4 (2d Cir. 1995) ("Ambiguities in an insurance policy must be construed in favor of the insured. This rule is especially applicable where, as here, the ambiguity appears in a clause excluding coverage." (quoting *Breed v. Ins. Co. of N. Am.*, 385 N.E.2d 1280, 1284 (N.Y. 1978))). The Court doesn't have to resolve any alleged ambiguity at this stage given that denial of Mt. Hawley's motion would be required anyway. But the parties should address the issue (in more than the less-than-two pages Mt. Hawley spent on it this time around) in their pre-trial motions and proposed jury instructions.

The motion for summary judgment as to SC Austin's claim for physical damage to floors two through seven is DENIED. And because SC Austin's claim for business-income losses turns on coverage of the physical damage, summary judgment is also DENIED on that question. By February 28, 2025, the parties should meet and confer and suggest trial dates in June.

The Clerk of Court is respectfully directed to terminate Dkt. 28.

SO ORDERED.

Dated: February 21, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge